FILED

2008 SEP -5 AM 10: 42

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

1  LINDA CLAXTON, State Bar No. 125729
   linda.claxton@ogletreedeakins.com
2  S. ADAM SPIEWAK, State Bar No. 230872
   adam.spiewak@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   633 West Fifth Street, 53rd Floor
4  Los Angeles, California 90071
   Telephone:  (213) 239-9800
5  Facsimile:  (213) 239-9045

6  Attorneys for Defendant
   COVENTRY HEALTH CARE

7

8                UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11  RENITA BRYANT, an individual,        Case No.  '08 CV 1628 DMS LSP

12              Plaintiff,               NOTICE OF REMOVAL

13       v.

14  COVENTRY HEALTH CARE, AGENT
    FOR FIRST HEALTH GROUP CORP.
15  and DOES 1 through 30, inclusive,

16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

6617970_2

1    Defendant Coventry Health Care ("Coventry" or "Defendant"), hereby

2    removes this action to this Court on the basis of diversity jurisdiction pursuant to 28

3    U.S.C. §1332 and § 1441(a), and, in support thereof, states as follows:

4    1.    On August 8, 2008, Defendant's attorney Linda Claxton acknowledged

5    receipt of a copy of a Summons and Complaint styled <u>Renita Bryant v. Coventry</u>

6    <u>Health Care, Agent for First Health Group Corp., and Does 1-30, Inclusive</u>, No. 37-

7    2008-00088732, in the Superior Court of California, County of San Diego. A copy

8    of the Summons and Complaint is attached to this Notice of Removal as Exhibit A.

9    These documents constitute all pleadings, process and other documents Defendant

10   has received in this action. These documents are the initial pleadings received by

11   Defendant setting forth the claims upon which Plaintiff's action is based. The

12   Acknowledgment of Receipt is attached hereto as Exhibit B. On September 4, 2008,

13   Defendant filed its answer in State Court. A copy of the answer is attached hereto as

14   Exhibit C.

15   2.    The above-styled suit is a civil action for money damages in which

16   Plaintiff alleges five causes of action, including (1) violation of FEHA, (2)

17   intentional infliction of emotional distress, (3) wrongful termination in violation of

18   public policy, (4) breach of contract, (5) breach of the implied covenant of good faith

19   and fair dealing.

20   3.    Plaintiff was at all times relevant to this action and is at the time of

21   removal a resident of and a citizen of the State of California. (Complaint ¶ 1.)

22   4.    Defendant Coventry was at the time this matter was filed and has

23   remained at all times relevant to this action a citizen of the state of Maryland,

24   incorporated under the laws of the State of Delaware with its principal place of

25   business in Bethesda, Maryland. (Declaration of Gail Baker ("Baker Dec.") ¶ 3.)

26

27

28

**Plaintiff's Claims Permit Removal on the Basis of Diversity**

5.    From the allegations of the Complaint, the amount in controversy exceeds the requisite $75,000, exclusive of interests and costs.  See <u>Sanchez v. Monumental Life Ins. Co.</u>, 95 F.3d 856, 860-62 (9th Cir. 1996).  Plaintiff seeks general damages, economic damages including loss of earnings and benefits and loss of earning capacity, special damages, attorneys' fees, and exemplary and punitive damages for her five causes of action.  See Complaint at Prayer for Relief.  Based on the allegations in the complaint, Defendant estimates that the amount of lost earnings Plaintiff Renita Bryant is claiming totals well in excess of the $75,000.  At the time of removal, plaintiff seeks lost earnings for a period of approximately 48 week, from her separation on September 24, 2007 to the present (<u>See</u> Complaint ¶12; Prayer for Relief).  Based on plaintiff's most recent salary, which was in excess of $94,000 per year, as well as her potential sales incentives – amounting to over $21,000 in 2007 – and employment benefits, plaintiff's lost earnings are alleged to be well in excess of $75,000.  <u>See</u> Baker Dec. ¶ 2.

**The Amount of Attorneys Fees and Punitive Damages are Considered in Determining Whether the Case is Removable**

6.    In addition to the compensatory damages Plaintiff claims she is owed, she also alleges that she is entitled to an award of attorneys' fees and punitive damages, which may be added to the damage calculation to determine whether the jurisdictional threshold has been met.  In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.  <u>See</u> <u>Hunt v. Washington State Apple Advertising Comm'n</u>, 432 U.S. 333, 347-48 (1977); <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1155-56 (9th Cir. 1998); <u>Davenport v. Mutual Ben. Health & Acc. Ass'n.</u>, 325 F. 2d 785 (9th Cir. 1963).[1]

---

[1]   See also <u>White v. FCI USA, Inc.</u>, 319 F.3d 672, 674 (5th Cir. 2003), (the court found that it was facially apparent that plaintiff's wrongful termination claim exceeded $75,000 based on her "lengthy list of compensatory and punitive damages"

6617970_2

7.    Although Defendant contends that punitive damages are not recoverable for the claims under the California Labor code and are otherwise inappropriate in this case, Plaintiff seeks them in her causes of action.  (See, generally, Complaint).

8.    The types of damage allegations found in this case have been held sufficient to satisfy the amount in controversy.  See e.g., Yates v. Nimeh, 486 F. Supp. 2d 1084 (N.D. CA. 2007); Richmond v. Allstate Insurance, Co., 1897 F. Supp 447 (S.D. Cal. 1995) (including attorneys' fees, emotional distress damages and punitive damages in calculating the amount in controversy.)  In this case, plaintiff has not limited her claims for attorneys' fees or punitive damages.  See Adams v. Murakami, 54 Cal. 3d 105, 284 Cal. Rptr. 318 (1991); Las Palmas Associate v. Las Palmas Center Associates, 235 Cal.App.3d. 1220, 1243 (1991).

**This Court has Jurisdiction Over This Matter**

9.    This court has jurisdiction over the case based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 (a) and 1441(a).

10.    Coventry was and is at the time of removal a citizen of the states of Maryland and Delaware.   As stated in the Secretary of State records attached to the Declaration of S. Adam Spiewak as Exhibit "1," Coventry is incorporated in Delaware and has its principal addresses and place of business in Bethesda, Maryland. (See Baker Decl. ¶ 4.)  Therefore, there is complete diversity between the Corporate Defendant and Plaintiff, Renita Bryant, who is a citizen of the state of California. (See Complaint ¶1.)

**Citizenship of Coventry**

11.    The corporate defendant's activities are centralized in Maryland. (Baker Decl. ¶¶ 3-5).  Its corporate headquarters are located in Bethesda, Maryland

---

including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorney fees and punitive damages, as we have in this case); See also Aucina v. Amoco Oil Co., 871 F. Supp. 332 (S.D. Iowa 1994), (the defendant-employer showed that amount in controversy exceeded $50,000 where former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages).

3

CASE NO.

NOTICE OF REMOVAL

1  as well. <u>Id.</u>

2      12.   The citizenship of fictitiously-named "Doe" Defendant is to be

3  disregarded for the purposes of removal.  28 U.S.C. § 1441(a).

4      13.   This Court, therefore, has original jurisdiction over Plaintiff's claims by

5  virtue of diversity of citizenship and satisfaction of the amount in controversy

6  requirement of 28 U.S.C. §1332.  This action is thus properly removable to federal

7  court pursuant to 28 U.S.C. §1332 and §1441(a).

8      14.   In accordance with 28 U.S.C. §1446(b), Defendant's Notice of Removal

9  was filed within 30 days after the initial acknowledgment of receipt of a copy of

10 Plaintiff's Complaint by Defendant was signed on August 8, 2008.

11     15.   The Superior Court of California, San Diego County is located within

12 the Southern District of California.  Therefore, venue is proper in this Court pursuant

13 to 28 U.S.C. 84(a) because it is the "district and division embracing the place where

14 such action is pending."  28 U.S.C.§114(a).

15     16.   All named and existing defendants join in consenting to this removal.

16     17.   Pursuant to 28 U.S.C. §1446(d), Defendant is giving written notice of

17 the original removal of this action to all parties and filing a copy of that Notice with

18 the Superior Court of California, County of San Diego.

19

20

21

22

23

24

25

26

27

28

6617970_2

1    WHEREFORE, Defendant respectfully removes this action from the Superior

2  Court of San Diego County, bearing docket number 37-2008-00088732, to this

3  Court.

4  DATED:  September 4, 2008                OGLETREE, DEAKINS, NASH, SMOAK
                                            & STEWART, P.C.
5

6

7                                           By: _____

8                                                    S. Adam Spiewak
                                            Attorneys for Defendant
9                                           COVENTRY HEALTH CARE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**POR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
Coventry Health Care, Agent for First Health Group Corp. and DOES 1-30, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
Renita Bryant

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 37-2008-00088732-CU-WT-CTL |
| --- | --- |

Superior Court of California, County of San Diego
330 West Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paula S. Rosenstein, Esq. (SBN 126264)          619-232-8377
Rosenstein, Wilson & Dean, P.L.C.
1901 1st Ave., Ste. 300, San Diego, CA 92101

| DATE: *(Fecha)* JUL 3 0 2008 | Clerk, by *(Secretario)* A. GUTIERREZ | , Deputy *(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

EXHIBIT ___4___ PAGE __6__

1  Paula S. Rosenstein, Esq. (SBN 126264)
   ROSENSTEIN, WILSON & DEAN, P.L.C.
2  1901 First Avenue, Suite 300
   San Diego, California 92101
3  Telephone: (619) 232-8377
   Facsimile: (619) 238-8376
4

5  Attorneys for Plaintiff
   Renita Bryant
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF SAN DIEGO

10

11 RENITA BRYANT,                          CASE NO.:    37-2008-00088732-CU-WT-CTL

12       Plaintiff,                        COMPLAINT FOR DAMAGES FOR
                                           VIOLATION OF FEHA; INTENTIONAL
13 v.                                      INFLICTION OF EMOTIONAL
                                           DISTRESS, WRONGFUL
14 COVENTRY HEALTH CARE, AGENT             TERMINATION IN VIOLATION OF
   FOR FIRST HEALTH GROUP CORP. and        PUBLIC POLICY; BREACH OF
15 DOES 1-30, inclusive                    CONTRACT AND BREACH OF THE
                                           COVENANT OF GOOD FAITH AND
16       Defendants.                       FAIR DEALING

17                                         GENERAL CIVIL CASE

18

19 Plaintiff Renita Bryant (hereinafter "Plaintiff"), alleges:

20       1. Plaintiff is, and at all times herein mentioned, was an individual who resides in the

21 County of San Diego, California.

22       2 . Defendant Coventry Health Care, Agent for First Health Group Corp. (hereinafter

23 "Defendant" or "First Health") is, and at all times herein mentioned was, a business entity doing

24 business in the City of San Diego, County of San Diego, California pursuant to the laws of the

25 State of California.  At all times, First Health employed five or more individuals.

26       3 . Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does

27 1-30, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will

28 amend this complaint to allege their true names and capacities when ascertained.  Plaintiff is

                                    - 1 -
                                  COMPLAINT

EXHIBIT  A    PAGE  7

1  informed and believes and thereon alleges that each of the fictitiously named defendants is
2  responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries as
3  herein alleged were proximately caused by the aforementioned defendants.

4      4. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned,
5  Defendants, and each of them, were agents, servants and employees of each of the remaining
6  defendants. Further, Defendants, and each of them, were agents, servants and employees of each
7  of the remaining Defendants. Further, Defendants, and each of them, in doing the things
8  hereinafter alleged, were acting within the course and scope of such agency, servitude and
9  employment, and with the permission and consent of each of the other defendants.

10     5. In or around May 1989, Ms. Bryant began working for Defendant's predecessor, CCN,
11 as a Hospital Services Representative. One year later, Ms. Bryant became a Sr. Account
12 Representative. After slightly less than two years in that position, Ms. Bryant was promoted, in
13 April 1992 to the position of Marketing Account Representative. She stayed in that position for
14 a year.

15     6. In April 1993, she briefly was given the title of Group Health Client Account
16 Representative when the company re-organized but three months later was promoted to the
17 position of Account Coordinator. She remained an Account Coordinator for about 14 months,
18 until September 1994, at which time, Ms. Bryant received another promotion to the position of
19 Account Manager.

20     7. One year later, in September 1995, Ms. Bryant received another promotion to the
21 position of Senior Account Manager and she held that position until March 2002 although the
22 company did change her title in March 2000 to Senior Account Developer.

23     8. In March 2002, Ms. Bryant's position changed to Manager, National Accounts and in
24 August 2002, she was promoted to Director, National Accounts.

25     9. In February 2005, soon after Defendant Coventry acquired the company, Ms. Bryant
26 was reassigned to the position of Regional Sales Director. In August 2005, the company changed
27 her title to Account Executive. This title change, as did the other title changes unrelated to
28 promotions, applied to most if not all of the other employees holding the same job titles and doing

- 2 -
COMPLAINT

1    essentially the same job duties.

2        10.  Part of the reason for the many title changes is because of the many transitions of

3    ownership of the company over the eighteen (18) years Ms. Bryant worked for the company.  She

4    was originally hired by CCN.  CCN was acquired by a company called Value Health which was

5    then acquired by the Healthcare Corporation of American ("HCA").  HCA was acquired by First

6    Health and finally, in 2005, Coventry acquired First Health company.

7        11.  At all times relevant to this action, Ms. Bryant's employer was Coventry or, as it is

8    known in its literature and on its website, "First Health, a Coventry Health Care Company" or one

9    of its predecessors.

10       12.  During the course of Ms. Bryant's employment with Defendant, her job performance

11   was usually above average or better.  During her employment, not only was she repeatedly

12   promoted but she was also recognized by the company for her excellent efforts on behalf of the

13   company on several occasions.  For instance, Ms. Bryant received the Gold Circle Award for

14   excellence in achieving organizational goals and outcomes three times.  Despite her long-term

15   success with the company over her 18 years of employment, Ms. Bryant was terminated without

16   cause on September 24, 2007.

17       13.  After Defendant's acquisition of First Health, Ms. Bryant was transferred to sales in

18   February 2005.  She had never had a sales position before.  Nonetheless, without any prior

19   experience, she was placed in this position and given her assignment.  Defendant did not provide

20   Ms. Bryant with any training and she basically learned how to do sales "on the job."

21       14.  Despite the lack of training, Ms. Bryant was repeatedly told by her superiors that she

22   was doing a terrific job.  As she had done in each of her positions, Ms. Bryant did more than what

23   was required by the stated job duties.  She worked very hard to be sure that her job performance

24   was top quality.  Her performance evaluations over the last two years of her employment reflect

25   her success as a sales person.  Moreover, a review of her sales shows that her performance was

26   in line with the other sales people, including her new supervisor, Lindsay DeYoung and the other

27   team member, Lori Meyer.  She even had additional sales coming in after her termination and

28   some confirmations for January 2008 sales.

- 3 -
COMPLAINT

1       15. Despite her years of success and excellent evaluations, on May 21, 2007, on the same

2  day that Ms. Bryant and Ms. DeYoung met jointly with a client for the very first time, Ms.

3  DeYoung gave Ms. Bryant a Performance Improvement Plan ("PIP"). Ms. DeYoung was hired

4  by First Health in February 2007 and had met face to face with Ms. Bryant only once before.

5  While in the car after this first joint sales call, Ms. DeYoung handed Ms. Bryant the PIP. Never

6  prior to that day had Ms. DeYoung expressed concerns with the quality of her performance.

7  Never had she had any informal or formal coaching or counseling sessions with Ms. Bryant. Even

8  on that day, at the start of the PIP, it was obvious to Ms. Bryant that she was going to be

9  terminated.

10      16.   Soon after Ms. DeYoung was hired by Defendant and became Ms. Bryant's

11  supervisor, it became clear that Ms. DeYoung wanted Ms. Bryant to leave the company. Not only

12  did Ms. DeYoung say to Ms. Bryant on several occasions that she had been with the company so

13  long that it might be good to explore other outside options as she, Ms. DeYoung, herself did after

14  being with her prior employer, PHCS, for 9 years; but she also did nothing to help Ms. Bryant and

15  many things to make Ms. Bryant's job harder.

16      17.  In fact, shortly after Ms. DeYoung hired, Lori Meyer, her assistant from her previous

17  employer, PHCS, it became clear that Ms. DeYoung was treating Ms. Bryant and Ms. Meyer

18  differently even though they were both her direct reports. For instance, Ms. DeYoung re-assigned

19  the clients and potential clients so that the best clients were taken away from Ms. Bryant and re-

20  assigned to Ms. Meyer. The various actions taken by Ms. DeYoung demonstrate that she wanted

21  Ms. Bryant to be terminated from the company. She wanted Ms. Bryant to fail.

22      18.  In 18 years of employment, through 4 transitions of company ownership, Ms. Bryant

23  had received nothing but praise from this company until May 2007. Suddenly, this very effective,

24  well-thought of, successful and highly commendable employee became one who was so bad at

25  her job that she had to be fired.

26      19.  Ms. Bryant, having been trained as a Director earlier in her career with Defendant's

27  predecessor and having reviewed Defendant's handbook, knew that Defendant was not following

28  its own policies and procedures. Moreover, she believed that the actions being taken against her

- 4 -

COMPLAINT

EXHIBIT _A_ PAGE _10_

1  were based, in part, on her race, African-American, and her age. She brought her complaints to

2  Ms. DeYoung's superior but was told she needed to handle the problem on her own. Ms. Bryant

3  then submitted a written complaint to the human resources department but was ignored and then

4  fired.

5      20.  The intentional harassment of, discrimination and retaliation against Plaintiff by

6  Defendant is based, at least in part, on Plaintiff's race and age.

7  **FIRST CAUSE OF ACTION**

8  __Violation of Government Code §12940, et seq.__

9      21.  Plaintiff hereby refers to Paragraphs 1 through 20, inclusive, and incorporates them

10 herein by this reference.

11     22.  On or about October 20, 2007, Plaintiff filed a complaint with the Department of Fair

12 Employment and Housing pursuant to §12960 of the <u>Government Code</u>, alleging that the acts

13 described in Paragraphs 1 through 20, supra, established a violation of the <u>Fair Employment and</u>

14 <u>Housing Act</u> (<u>Government Code</u> §§12900 through 12996). Plaintiff received a "Right to Sue"

15 letter dated October 30, 2007.

16     23.  At all times herein mentioned, Plaintiff was an African-American woman and over

17 the age of forty (40). She at all times was, and is, a person fully qualified and competent to

18 perform the duties of an account executive.

19     24.  The acts and practices of Defendants, and each of them, as alleged herein, violate

20 <u>Government Code</u> §12940 as an employer must take all reasonable steps necessary to prevent

21 discrimination, harassment and retaliation from occurring.

22     25.  Rather than enforcing this law, Plaintiff was harassed, discriminated and retaliated

23 against by Defendants in violation of it. Defendants, therefore, acted and continues to act in a

24 manner prohibited by the <u>Fair Employment and Housing Act</u>.

25     26.  Plaintiff is informed and believes and based thereon alleges that Defendants, and each

26 of them, are following a course and policy which allows such harassment, discrimination and

27 retaliation, and such policy and course is known to and carried out by Defendant's employees and

28 agents under the direction and with the knowledge, consent, and permission of Defendant.

- 5 -
COMPLAINT

EXHIBIT __A__, PAGE __11__

1   Further, that Defendants, and each of them, have committed unlawful employment practices.

2       27. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained and

3   continues to sustain substantial loss of earnings and other employment benefits. Plaintiff has been

4   so injured that her future employability has been greatly reduced and thereby has been damaged.

5   The amount of these damages will be established at time of trial.

6       28. As a further direct and proximate result of Defendants' conduct, Plaintiff was injured

7   in her health, strength and activity, sustaining shock and injury to her nervous system and person,

8   all of which injuries have caused and continue to cause Plaintiff mental distress and pain and

9   suffering. Plaintiff is informed and believes and based thereon alleges that such injuries may

10   result in some permanent disability to her. As a result of said injuries, Plaintiff has suffered

11   general damages in an amount to be established according to proof at time of trial.

12       29. As a further direct and proximate result of Defendants' conduct, Plaintiff has been

13   required to expend money and incur obligations for medical services required in the treatment and

14   relief of the emotional distress she sustained. The exact amount of these medical expenses are

15   not now known to Plaintiff but will be proven at time of trial.

16       30. The aforementioned acts of Defendants were willful, wanton, malicious, despicable,

17   and oppressive, and were undertaken with a conscious disregard for Plaintiff's rights and with the

18   intent to injure Plaintiff and justify the awarding of exemplary and punitive damages.

19       31. As a direct and proximate result of Defendants' discrimination against Plaintiff, she

20   has been forced to incur the additional expenses of attorneys' fees and litigation costs. The

21   amount of these attorneys' fees and costs is currently unknown but will be established at time of

22   trial.

23   ## SECOND CAUSE OF ACTION

24   ### Intentional Infliction of Emotional Distress

25       32. Plaintiff hereby refers to Paragraphs 1 through 31, inclusive, and incorporates them

26   herein by such reference.

27       33. Plaintiff is informed and believes and thereon alleges that the treatment she suffered

28   through as well as her termination has been caused by Defendants' intentional harassment,

EXHIBIT A, PAGE 12

1   discrimination and retaliation which was perpetrated partly on the basis of Plaintiff's race and age

2   as Defendants failed and refused to treat Plaintiff in accordance with her experience,

3   qualifications, job performance and the law.

4       34. Plaintiff performed her job as was required and expected and received no warnings

5   or notice that her performance was in any way substandard or particularly different from other

6   sales personnel until she was given the PIP and essentially told that she would soon be terminated.

7   Although Plaintiff attempted to notify personnel higher in the company than her immediate

8   superior that she was being discriminated against and harassed and that company policy was not

9   being followed, Defendants ignored her. Defendants' later response was to further harass,

10   discriminate and retaliate against Plaintiff which ultimately led to her termination. These actions

11   were taken, at least in part, because of Plaintiff's race and age.

12       35. Defendants intentionally, willfully and with malicious motives, engaged in conduct

13   that was calculated to cause Plaintiff to suffer humiliation, mental anguish and emotional distress.

14   This conduct included Defendants' intentional failure to follow company policy as well as

15   retaliation in direct response to Plaintiff's complaints of unfair and disparate treatment.

16   Defendants' conduct, including failing and refusing to continue her employment on the same

17   terms and conditions as before the harassment began,  confirmed and ratified the conduct of

18   Defendants' employees and said conduct was done with the knowledge that it would cause

19   Plaintiff severe emotional stress and was done with wanton and reckless disregard of the

20   consequences to Plaintiff.

21       36. Defendants' nonfeasance was extremely outrageous in that at all times they knew that

22   Plaintiff was being subjected to harassment, discrimination and retaliation, that the unfounded

23   accusations of substandard performance and subsequent termination were wrongfully caused by

24   actions taken against her at least partly because of her race and age and that company policies

25   were being ignored. Defendants knew that this would and did cause Plaintiff severe emotional

26   distress.

27       37. As a direct and proximate result of Defendants' intentional conduct, Plaintiff was

28   injured in her health, strength and activity, sustaining shock and injury to her nervous system and

EXHIBIT _A_____ PAGE _13_

1  person, all of which injuries have caused and continue to cause Plaintiff mental distress and pain
2  and suffering. Plaintiff is informed and believes and based thereon alleges that such injuries may
3  result in some permanent disability to her.  As a result of said injuries, Plaintiff has suffered
4  general damages in an amount to be established according to proof at time of trial.

5      38.  As a direct and proximate result of Defendants' willful, knowing, and intentional
6  conduct, Plaintiff has sustained and continues to sustain substantial loss of earnings and other
7  employment benefits. Plaintiff has been so injured that her future employability has been greatly
8  reduced and thereby has been damaged.  The amount of these damages will be established at time
9  of trial.

10      39.  As a further direct and proximate result of Defendants' conduct, Plaintiff has been
11  required to expend money and incur obligations for medical services required in the treatment and
12  relief of the emotional distress she sustained.  The exact amount of these medical expenses are
13  not now known to Plaintiff but will be proven at time of trial.

14      40.  The aforementioned acts of Defendants were willful, wanton, malicious, despicable,
15  oppressive and were undertaken with a conscious disregard for Plaintiff's rights and with the
16  intent to injure Plaintiff and justify the awarding of exemplary and punitive damages in an amount
17  to be proven at time of trial.

18  **THIRD CAUSE OF ACTION**
19  **Wrongful Termination in Violation of Public Policy**

20      41.  Plaintiff hereby refers to Paragraphs 1 through 40, inclusive, and incorporates them
21  herein by such reference.

22      42.  In or around May 1989, Plaintiff was hired by Defendants for the position of Hospital
23  Service Representative.  She worked for Defendants in a full-time capacity until September 24,
24  2007, the date of her termination, receiving numerous promotions and awards from the company
25  as more fully outlined, *infra*.  Plaintiff's employment was wrongfully terminated by Defendants
26  as a result of Defendants' violation of the laws and public policy of the State of California or in
27  violation of the public policy of the State of California, or in violation of company polices or all
28  three.

- 8 -
COMPLAINT

43. California public policy prohibiting Defendants' conduct is embodied in California Government Code section 12940 et seq., the California Constitution and California common law.

44. Plaintiff was informed and believed that she would not be terminated or forced out of her employment without good cause, that the employment relationship would continue as long as Plaintiff performed her job duties satisfactorily and that she would be supported in her attempts to do her job properly and in accordance with the law.

45. Defendants, however, violated California public policy when they failed and refused and continued to fail and refuse to take all reasonable steps to make sure that company policies were being followed and to prevent the race and age discrimination and harassment being inflicted on Plaintiff from occurring and to require that company policies be followed.

46. Plaintiff was informed and believed that Defendants would provide working conditions that were safe and not hostile and that she would be treated in accordance with the law. At all times, Plaintiff performed her job in at least a competent and reasonable manner.

47. As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer substantial loss of earnings and other employment benefits which she would have received had Defendants not breached the agreement. Plaintiff will prove the amount of these damages at time of trial.

48. As a further direct and proximate result of Defendants' conduct, Plaintiff has been required to expend money and incur obligations for medical services required in the treatment and relief of the emotional distress she sustained. The exact amount of these medical expenses are not now known to Plaintiff but will be proven at time of trial.

49. As a direct and proximate result of Defendants' conduct, Plaintiff was injured in her health, strength and activity, sustaining shock and injury to her nervous system and person, all of which injuries have caused and continue to cause Plaintiff mental distress and pain and suffering. These general damages cannot now be ascertained but will be proven at time of trial.

## FOURTH CAUSE OF ACTION

### Breach of Contract

50. Plaintiff hereby refers to Paragraphs 1 through 49, inclusive, and incorporates them

- 9 -

COMPLAINT

EXHIBIT____A____, PAGE___15

1  herein by such reference.

2      51. In or around May 1989, Plaintiff and Defendants entered into an implied-in-fact

3  employment agreement. The terms of this agreement included that Plaintiff would not be

4  terminated without good cause, that the employment relationship would continue as long as

5  Plaintiff performed her job duties satisfactorily and that she would be supported in her attempts

6  to do her job properly and in accordance with the law, and that both Plaintiff and Defendant

7  would follow the rules set out in the Employee Handbook and California law.

8      52. In or around May 2007, the employment agreement was breached by Defendants, and

9  each of them, when they refused to follow the company's own procedures as set out in its

10  handbook. More specifically, the handbook sets out a process which required managers who have

11  performance issues with any of their subordinates that they should first discuss the issues with the

12  employee. A manager is supposed to follow the employee handbook and move through the

13  various options with the goal of improving the employee's performance and avoiding having to

14  take the step of issuing a Performance Improvement Plan or terminating an employee. In this case,

15  Defendants failed and refused to follow its own procedures which led to Plaintiff's termination

16  without cause in violation of the promises made to her and for pretextual reasons.

17      53. Defendants also breached the agreement when it retaliated, harassed and discriminated

18  against Plaintiff by, among other things, refusing to treat her fairly and not differently because of

19  her age and her race. Defendants' actions led to Plaintiff's termination without cause, in violation

20  of promises made to her and for pretextual reasons.

21      54. Part of Plaintiff's employment agreement with Defendants included that she would

22  not be forced from her position with Defendants so long as she performed satisfactorily. At all

23  times, Plaintiff performed her job in at least a competent and reasonable manner and was never

24  subject to discipline as provided for in the Employee Handbook.

25      55. In May 2007 and thereafter, Defendants, and each of them, breached the total

26  employment agreement that was both oral and implied-in-fact, by retaliating against and

27  terminating Plaintiff without cause and after loyal and exemplary service for Defendants until she

28  was terminated.

- 10 -<br>COMPLAINT

EXHIBIT ___A___ PAGE ___16___

56. Plaintiff has duly performed all of the conditions of the employment agreement to be performed by her on her part and was prevented by Defendants from further performance. Plaintiff was, at all relevant times, been ready, willing and able to perform all of the conditions of the agreement to be performed by her.

57. As a direct and proximate result of the Defendants' breach of the total employment agreement, Plaintiff has suffered and continues to suffer substantial loss of earnings and other employment benefits which she would have received had Defendants not breached the agreement. Plaintiff will prove the amount of these damages at time of trial.

58. As a further direct and proximate result of Defendants' conduct, Plaintiff has been required to expend money and incur obligations for medical services required in the treatment and relief of the emotional distress she sustained. The exact amount of these medical expenses are not now known to Plaintiff but will be proven at time of trial.

59. As a direct and proximate result of Defendants' wrongful termination of Plaintiff, Plaintiff has also suffered general damages which cannot now be ascertained but will be proven at time of trial.

### FIFTH CAUSE OF ACTION
#### Breach of the Covenant of Good Faith and Fair Dealing

60. Plaintiff refers to Paragraphs 1 through 59, inclusive, and incorporates them herein by such reference.

61. The employment agreement entered into by and between Plaintiff and Defendants has an implied at law covenant of good faith and fair dealing. Defendants covenanted to give full cooperation to Plaintiff in her performance of the employment agreement, and that Defendants would refrain from any action that would prevent or impede any conditions of the employment agreement from being performed.

62. Defendants breached the covenant of good faith and fair dealing in the employment agreement with Plaintiff by failing and refusing to follow their own employment policies and procedures, harassing her, discriminating against her, retaliating and ultimately terminating her without good cause, therefore violating promises made to her throughout her employment, orally

- 11 -
COMPLAINT

EXHIBIT _A_ ,PAGE _17_

1  and through the terms of the Employee Handbook. This violated the duty of good faith and fair

2  dealing.

3      63. Defendants' breach of the covenant of good faith and fair dealing was in violation of

4  the promises and agreements which were the basis of Plaintiff's employment.

5      64. As a proximate result of Defendants' breach of the covenant of good faith and fair

6  dealing, Plaintiff has suffered and continues to suffer substantial loss of earnings and other

7  employment benefits, which she would have received had Defendants not violated the covenant

8  of good faith and fair dealing. The amount of these damages will be proven at time of trial.

9      65. As a further direct and proximate result of Defendants' conduct, Plaintiff may be

10  required to expend money and incur obligations for medical services required in the treatment and

11  relief of the emotional distress she sustained. The exact amount of these medical expenses are

12  not now known to Plaintiff but will be proven at time of trial.

13      66. As a further direct and proximate result of Defendant's breach of the covenant of good

14  faith and fair dealing, Plaintiff has also suffered general damages in an amount to be proven at

15  time of trial.

16      **WHEREFORE**, Plaintiff prays judgment against Defendants as follows:

17                  **FIRST CAUSE OF ACTION**

18  1.      For general damages in an amount to be proven at time of trial;

19  2.      For damages for loss of earnings and other employment benefits, past and present,

20          and for loss of earning capacity in an amount to be proven at time of trial;

21  3.      For special damages for medical and related expenses in an amount to be proven

22          at time of trial;

23  4.      For exemplary and punitive damages in an amount to be proven at time of trial;

24  5.      For attorney's fees;

25  6.      For interest on the aforesaid amount at a legal rate from and after the time when it

26          was found that said amounts were due to Plaintiff;

27  7.      For costs of suit herein incurred; and

28  8.      For such other and further relief as the Court may deem just and proper.

- 12 -
COMPLAINT

EXHIBIT ___A___, PAGE ___18___

**SECOND CAUSE OF ACTION**

1.   For general damages in an amount to be proven at time of trial;

2.   For damages for loss of earnings and other employment benefits, past and present, and for loss of earning capacity in an amount to be proven at time of trial;

3.   For special damages for medical and related expenses in an amount to be proven at time of trial;

4.   For exemplary and punitive damages in an amount to be proven at time of trial;

5.   For interest on the aforesaid amount at a legal rate from and after the time when said amounts were due to Plaintiff;

6.   For costs of suit herein incurred; and

7.   For such other and further relief as the Court may deem just and proper.

**THIRD CAUSE OF ACTION**

1.   For general damages in an amount to be proven at time of trial;

2.   For damages for loss of earnings and other employment benefits, past and present, and for loss of earning capacity in an amount to be proven at time of trial;

3.   For special damages for medical and related expenses in an amount to be proven at time of trial;

4.   For interest on the aforesaid amount at a legal rate from and after the time when it was found that said amounts were due to Plaintiff;

5.   For costs of suit herein incurred; and

6.   For such other and further relief as the Court may deem just and proper.

**FOURTH CAUSE OF ACTION**

1.   For general damages in an amount to be proven at time of trial;

2.   For damages for loss of earnings and other employment benefits, past and present, and for loss of earning capacity in an amount to be proven at time of trial;

3.   For special damages for medical and related expenses in an amount to be proven at time of trial;

4.   For interest on the aforesaid amount at a legal rate from and after the time when

- 13 -
COMPLAINT

EXHIBIT _A_, PAGE _19_

1    said amounts were due to Plaintiff;

2    5.    For costs of suit herein incurred; and

3    6.    For such other and further relief as the Court may deem just and proper.

4    **FIFTH CAUSE OF ACTION**

5    1.    For general damages in an amount to be proven at time of trial;

6    2.    For damages for loss of earnings and other employment benefits, past and present, and

7    for loss of earning capacity in an amount to be proven at time of trial;

8    3.    For special damages for medical and related expenses in an amount to be proven at time

9    of trial;

10    4.    For interest on the aforesaid amount at a legal rate from and after the time when said

11    amounts were due to Plaintiff;

12    5.    For costs of suit herein incurred; and

13    6.    For such other and further relief as the Court may deem just and proper.

14    Dated: 7/28, 2008.                Respectfully submitted,

15                                ROSENSTEIN, WILSON & DEAN, P.L.C.

16

17    By:

18        Paula S. Rosenstein, Esq.
         Attorneys for Plaintiff
19        Renita Bryant

20

21

22

23

24

25

26

27

28

- 14 -
COMPLAINT

EXHIBIT _A_, PAGE _20_

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Paula S. Rosenstein, Esq. (SBN 126264)<br>Rosenstein, Wilson & Dean, P.L.C.<br>1901 First Avenue, Suite 300<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-232-8377  FAX NO.*(Optional)*: 619-238-8376<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*:  Plaintiff Renita Bryant | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   San Diego
STREET ADDRESS:  330 West Broadway
MAILING ADDRESS:  330 West Broadway
CITY AND ZIP CODE:  San Diego, CA 92101
BRANCH NAME:  San Diego

PLAINTIFF/PETITIONER:  Renita Bryant

DEFENDANT/RESPONDENT: Coventry Health Care, Agent for First
Health Group Corp. and DOES 1-30

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL | CASE NUMBER:<br>37-2008-00088732-CU-WT-CTL |
|---|---|

TO *(insert name of party being served)*:  Coventry Health Care, Agent for First Health Group Corp.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing:  8/4/08

Paula S. Rosenstein, Esq.
            (TYPE OR PRINT NAME)                          ▶ _____
                                                             (SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. [X] A copy of the summons and of the complaint.
2. [X] Other *(specify)*:
   Notice of Case Assignment, Notice to Litigants/ADR Information Package, blank Stipulation to Use of Alternati·
   Dispute Resolution

*(To be completed by recipient)*:

Date this form is signed:  8/8/08

LINDA CLAXTON
        (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,                ▶ _____
        ON WHOSE BEHALF THIS FORM IS SIGNED)                                    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
                                                                                ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
                                                                                Attorney for Coventry Health Car.

Form Adopted for Mandatory Use          NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL        Code of Civil Procedure,
Judicial Council of California                                                               §§ 415.30, 417.10
POS-015 (Rev. January 1, 2005)                                                               www.courtinfo.ca.gov
*Martin Dean's Essential Forms ™*

EXHIBIT  B  , PAGE  21

**EXHIBIT C**

FILED
CIVIL DISTRICT OFFICE 8

03 SEP -4  AM 11: 32

COUNTY CA

LINDA CLAXTON, State Bar No. 125729
linda.claxton@ogletreedeakins.com
S. ADAM SPIEWAK, State Bar No. 230872
adam.spiewak@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
633 West Fifth Street, 53rd Floor
Los Angeles, California 90071
Telephone:    (213) 239-9800
Facsimile:    (213) 239-9045

Attorneys for Defendant
COVENTRY HEALTH CARE

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN DIEGO, CENTRAL COURTHOUSE

| | |
|---|---|
| RENITA BRYANT,<br><br>   Plaintiff,<br><br>  v.<br><br>COVENTRY HEALTH CARE, AGENT FOR FIRST HEALTH GROUP CORP. and DOES 1-30, inclusive,<br><br>   Defendants. | Case No. 37-2008-00088732-CU-WT-CTL<br><br>[Assigned for all purposes to Hon. Charles R. Hayes; Dept. C-66]<br><br>**ANSWER TO COMPLAINT FOR DAMAGES**<br><br>Action Filed:  July 30, 2008<br>Trial Date:    None Set |

EXHIBIT __C__ PAGE __22__

COPY

6597138_2

ANSWER TO COMPLAINT FOR DAMAGES

1   Defendant Coventry Health Care, Inc. ("Coventry" or "Defendant"), hereby

2   responds to the Complaint ("Complaint") filed by Renita Bryant ("Plaintiff") as follows:

3       1.    Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies

4   generally each and every allegation in Plaintiff's Complaint and further denies that they

5   have any liability to Plaintiff whatsoever.

6       2.    Plaintiff's claims are couched in broad, vague and conclusory terms, and

7   Defendant has not completed its investigation and discovery regarding the facts and claims

8   asserted by Plaintiff. Defendant cannot fully anticipate all defenses that may be applicable

9   to Plaintiff's claims. Accordingly, Defendant reserves its right to assert additional

10  defenses, if and to the extent such defenses are applicable.

11      3.    Additionally, without admitting that it carries the burden of proof as to any of

12  the issues raised thereby, Defendant asserts the following separate and distinct affirmative

13  defenses and prays for judgment as set forth below:

14  **I.**

15      4.    Plaintiff's claims, and each of them, are barred by her failure to allege facts

16  sufficient to constitute a cause of action.

17  **II.**

18      5.    Plaintiff's claims are barred, in whole or in part, by her failure to take

19  reasonable steps to mitigate her damages, if any. Accordingly, plaintiff is barred from

20  recovering any damages, or any recovery of damages must be reduced.

21  **III.**

22      6.    Plaintiff's claims for emotional injuries allegedly suffered as a result of her

23  employment or the termination thereof are barred, in whole or in part, in that her sole and

24  exclusive remedy for any such purported injuries is governed by the California's Workers

25  Compensation Act, California Labor Code §§ 3600 *et seq*.

26

27  EXHIBIT __C__ PAGE _23_

28

6597138_2

1

ANSWER TO COMPLAINT FOR DAMAGES

**IV.**

7.   Plaintiff's claims are barred, in whole or in part, by reason of her own conduct and actions and, thus, she has waived any of her purported causes of action against Defendant.

**V.**

8.   Plaintiff's claims are barred, in whole or in part, by her inability to perform the essential functions of her position with or without a reasonable accommodation.

**VI.**

9.   Plaintiff's claims are barred, in whole or in part, because Defendant's conduct was a just and proper exercise of managerial discretion, undertaken for fair and honest reasons, comporting with good faith under the circumstances then existing, and was privileged and justified.

WHEREFORE, Defendant prays as follows:

1.   For entry of judgment in favor of Defendant and against Plaintiff;

2.   That Plaintiff take nothing by way of her Complaint;

3.   That Defendant be awarded costs of suit herein;

4.   That Defendant be awarded actual attorney fees incurred in defending this suit; and

5.   For such other and further relief as this Court may deem just and proper.

DATED:  September 4, 2008          OGLETREE, DEAKINS, NASH,
                                   SMOAK & STEWART, P.C.


By: _____
                              Linda Claxton
                     Attorneys for Defendants
                     COVENTRY HEALTH CARE

EXHIBIT ___ ,PAGE 24

6597138_2

ANSWER TO COMPLAINT FOR DAMAGES

1    **PROOF OF SERVICE BY UNITED STATES MAIL**

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3        I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 633 West Fifth Street, 4    53rd Floor, Los Angeles, California 90071.

5        On September 4, 2008, I served the following document(s) described as:

6                ANSWER TO COMPLAINT FOR DAMAGES

7    on the persons below as follows:

8    Paula S. Rosenstein, Esq.
9    Rosenstein, Wilson & Dean, P.L.C.
1901 First Avenue, Suite 300
10   San Diego, CA 92101

11       I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

12   ☒    deposited the sealed envelope or package with the United States Postal Service, with 13    the postage fully prepaid.*

14   ☐    placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting 15    and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business 16    with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

17       I am employed in the county where the mailing occurred. The envelope or package 18    was placed in the mail at Los Angeles, California.

19   ☒    (State)    I declare under penalty of perjury under the laws of the State of 20    California that the above is true and correct.

21   ☐    (Federal)    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty 22    of perjury under the laws of the United States of America that the above is true and correct.

23

24   Executed on September 4, 2008, at Los Angeles, California.

Cecile Acoca _____        *Cecile Acoca*
25   Type Name                               Signature

26

27   * (SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)

28

                          EXHIBIT ___C___, PAGE _25_

# PROOF OF SERVICE BY UNITED STATES MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 633 West Fifth Street, 53rd Floor, Los Angeles, California 90071.

On September 5, 2008, I served the following document(s) described as:

NOTICE OF REMOVAL

on the persons below as follows:

Paula S. Rosenstein, Esq.
Rosenstein, Wilson & Dean, P.L.C.
1901 First Avenue, Suite 300
San Diego, CA 92101

I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☐ deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.*

☒ placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 5, 2008, at Los Angeles, California.

Cecile Acoca
Type Name

*Cecile Acoca*
Signature

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
Renita Bryant

## DEFENDANTS
Coventry Health Care, Agent for First
Health Group Corp.

FILED
2008 SEP -5 AM 10: 44
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
'08 CV 1628 DMS LSP
BY ___ DEPUTY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Paula S. Rosenstein, Esq. 126264
Rosenstein, Wilson & Dean, P.L.C.
1901 First Avenue, Suite 300
San Diego, CA 92101
619-238-8376

ATTORNEYS (IF KNOWN)
Linda Claxton 125729 / S. Adam Spiewak
Ogletree, Deakins, Nash, Smoak & Stewart, P.C
633 W. Fifth Street, Suite 5300
Los Angeles, CA 90071
213-239-9800

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR
(For Diversity Cases Only)     PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)     28 USC §1332 - Removal of action because of
diversity jurisdiction.

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Medical Malpractice | ☐ 625 Drug Related | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | Seizure of | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 810 Selective Service |
| Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational | | ☐ 850 Securities/Commodities/ |
| ☐ 153 Recovery of Overpayment | ☐ 345 Marine Product | ☐ 371 Truth in Lending | Safety/Health | **SOCIAL SECURITY** | Exchange |
| of Veteran's Benefits | Liability | ☐ 380 Other Personal | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | Property Damage | **LABOR** | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle | ☐ 385 Property Damage | | ☐ 863 DIWC/DIWW | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | Product Liability | Product Liability | ☐ 710 Fair Labor | (405(g)) | ☐ 892 Economic Stabilization |
| | ☐ 360 Other Personal Injury | | Standards Act | ☐ 864 SSID Title XVI | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate | ☐ 730 Labor/Mgmt. | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | Reporting & | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **HABEAS CORPUS:** | Disclosure Act | or Defendant) | Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 871 IRS - Third Party | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☒ 790 Other Labor Litigation | 26 USC 7609 | Determination Under |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | | Equal Access to Justice |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 950 Constitutionality of |
| | | ☐ 555 Prison Conditions | | | State Statutes |
| | | | | | ☐ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removal from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION     DEMAND $ 0.00     CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23     JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY     JUDGE _____     Docket Number _____

DATE  9/4/08
SIGNATURE OF ATTORNEY OF RECORD

# 154712   9/5/08
$350   JAC

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

# PROOF OF SERVICE BY UNITED STATES MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 633 West Fifth Street, 53rd Floor, Los Angeles, California 90071.

     On September 5, 2008, I served the following document(s) described as:

### CIVIL COVER SHEET

on the persons below as follows:

Paula S. Rosenstein, Esq.
Rosenstein, Wilson & Dean, P.L.C.
1901 First Avenue, Suite 300
San Diego, CA 92101

     I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☐    deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.*

☒    placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

     I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐  (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒  (Federal)    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 5, 2008, at Los Angeles, California.

Cecile Acoca
Type Name

*Cecile Acoca*
Signature

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 154712    — TC**

**September 05, 2008**
**10:44:12**

**Civ Fil Non-Pris**

USAO #.: 08CV1628
Judge..: DANA M SABRAW
Amount.:                    $350.00 CK
Check#.: BC71712

**Total—> $350.00**

FROM: RENITA BRYANT
            VS
      COVENTRY HEALTH